**MEMO ENDORSED**

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

February 21, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 02/22/2023

**BY ECF**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. James Garlick**
      **22 Cr. 540 (VEC)**

Dear Judge Caproni:

I write in response to the Court's order dated February 17, 2023 concerning permission to file redacted or sealed exhibits to Mr. Garlick's supplemental suppression motion briefing. Dkt. 40.

The three exhibits at issue represent the returns from Mr. Garlick's private electronic data that the government has deemed responsive to the terms of each of the warrants at issue. Specifically, Exhibit A is the Google responsive returns; Exhibit B is the Apple iCloud responsive returns; and Exhibit C is the Meta (Facebook) responsive returns. The government does not oppose the redaction of all personally identifying information in the exhibits, but objects to the complete redaction of the materials.

Each of the exhibits attached to Mr. Garlick's supplemental briefing should be fully redacted or sealed. While there is a presumption of public access to court filings, that presumption "is generally somewhat lower" for non-dispositive motions, as opposed to "material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). When weighing the need for disclosure, courts must consider "the privacy interest of the person resisting disclosure." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* at 1051. "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.*

The privacy implications of the exhibits at issue here are substantial. As detailed in Mr. Garlick's suppression motion briefing, these exhibits reflect Mr. Garlick's deeply personal and private digital data, including discussions about sex, references to Mr. Garlick's criminal history, dialogue concerning the nature of an intimate partnership, and conversation regarding loved ones who are ill. Certainly, the information reflected in Mr. Garlick's exhibits are "traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. Indeed, it is safeguarded by the Fourth Amendment. "As technology has enhanced the Government's capacity to encroach upon areas normally guarded from inquisitive eyes, this Court has sought to 'assure [ ] preservation of that degree of privacy against government that existed when the Fourth Amendment was adopted.'" *Carpenter v. United States*, 138 S. Ct. 2206, 2214 (2018) (internal citation omitted) (requiring a warrant where an individual has "a legitimate privacy interest" in third party records); *Riley v. California*, 573 U.S. 373, 395, 397 (2014) (holding a warrant is required to search an individual's cell phone and noting that "Internet search and browsing history…could reveal an individual's private interests or concerns").

It would pervert justice to require Mr. Garlick to abandon his reasonable expectation of privacy in his electronic data to litigate his Fourth Amendment rights. Accordingly, the Court should grant Mr. Garlick's request to file the exhibits to his supplemental suppression briefing under seal or entirely redacted.

Thank you for your consideration of this request.

Respectfully submitted,

/s/

Marne L. Lenox, Esq.

*Counsel for James Garlick*

cc:   Counsel of record

---

The Government must file any response to Defendant's request not later than **Friday, February 24, 2023**.

As set forth in the Undersigned's rules, Defendant must email a copy of the exhibits he seeks to seal or redact to Chambers by the end of **today, February 22, 2023**.

SO ORDERED.

02/22/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

2