USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/01/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                    :
:
         -against-            :      22-CR-540 (VEC)
:
:      ORDER
:
JAMES GARLICK,                              :
                        Defendant.  :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

        On May 17, 2023, the Court found that Defendant James Garlick, who is currently incarcerated at the Metropolitan Detention Center, Brooklyn (the "MDC"), knowingly, voluntarily, and unequivocally waived his right to counsel in this case. *See* Order, Dkt. 63.[1] His previously-appointed counsel was ordered to remain as standby counsel, over the objection of the Defendant. Mr. Garlick is charged with one count of being a felon in possession of a firearm. *See* Indictment, Dkt. 5. On January 26, 2023, the Court scheduled his trial to begin on June 5, 2023. *See* Order, Dkt. 33. At the time Mr. Garlick first asked to represent himself, the Court reminded him that trial would begin on June 5. *See* May 15, 2023 Hearing Transcript, Dkt. 79, at 28–29.

        To facilitate Mr. Garlick's self-representation, the Court required the Government to deliver a laptop computer loaded with all of the discovery produced to date to the MDC not later than May 18, 2023, and to deliver any further discovery, filings, and orders on hard drives to the MDC, which would provide the hard drives to Mr. Garlick within a day of their arrival. *See*

---

[1]     Mr. Garlick first informed the Court that he sought to represent himself at a hearing on May 15, 2023.

Orders, Dkts. 66–67.[2]  The Undersigned corresponded with the MDC's legal staff on May 17, 2023 and on May 18, 2023 to confirm that this process could be implemented.

On May 22, 2023, Mr. Garlick appeared before the Court for a proceeding regarding his standby counsel's motion to be relieved.  The Court denied the request after confirming that his objection to having standby counsel was not personal to his appointed counsel; he would object to any standby counsel.  Because it was important to the Defendant, the Court agreed to ensure that, although it was denying his request to relieve standby counsel, the jury in his trial would not be aware that he had standby counsel.[3]  During that proceeding, Mr. Garlick did not raise any concerns regarding his access to the Government's discovery.  See Order, Dkt. 75; May 22, 2023 Hearing Transcript.

On May 23, 2023, Mr. Garlick informed the Court that he did not yet have access to the Government's discovery and requested a bond hearing.  See Letter, Dkt. 74.  The Undersigned contacted MDC's legal staff that same day to inquire whether Mr. Garlick had access to the discovery laptop.  MDC's legal staff informed the Court that Mr. Garlick had been given access to the discovery laptop in the MDC's visiting room and that legal staff had explained to Mr. Garlick how to access it.[4]  The Court also required the Government to confirm that Mr. Garlick had access to the discovery laptop and, if he did not, why he did not.  See Order, Dkt. 75.  The Court scheduled a bond hearing for May 26, 2023.  Id.

---

[2]     Materials issued on a Friday would be delivered within two days of their arrival at MDC due to reduced staffing on weekends.  See Order, Dkt. 67.

[3]     Mr. Garlick acknowledged that meant that standby counsel would not sit at the counsel table with him and that he would not be permitted to consult with standby counsel when the jury was present.

[4]     In email correspondence with the Court dated June 1, 2023, MDC's legal staff specified that on May 19, 2023, Mr. Garlick was informed by a legal assistant that the laptop was available in the visiting room.  The legal assistant also explained to him how to access the laptop.  On May 22, 2023, a different legal assistant again told Mr. Garlick that the laptop was in the visiting room and told him how to access it.  On May 23, 2023, legal staff again informed Mr. Garlick how to access his discovery laptop.  Legal staff spoke with Mr. Garlick about his access to the Government's discovery once more on June 1, 2023; according to legal staff, Mr. Garlick denies having any previous conversations about his access to the discovery laptop.  Legal staff further noted that Mr. Garlick signed forms confirming his receipt of two hard drives on May 26, 2023, and one hard drive on June 1, 2023.

On May 24, 2023, the Government informed the Court that they had first learned during a phone call on the morning of May 23, 2023, that Mr. Garlick was asserting that he had not received access to the discovery laptop. *See* Letter, Dkt. 76. Upon hearing Defendant's complaint, the Government contacted the MDC's legal staff, who reported that the discovery laptop had been made available to Mr. Garlick in the MDC's visiting room on May 19, 2023, and that Mr. Garlick had been told how to access the discovery laptop that same day. *See* Letters, Dkts. 76, 81.

On May 25, 2023, Mr. Garlick asked the Court to adjourn all hearings in the case *sine die* until he received "full discovery" and had "a chance to review this discovery." Letter, Dkt. 83. The Court denied Mr. Garlick's request in light of confirmation from the MDC's legal staff that he has had access to the discovery laptop since May 19, 2023; the Court ordered that Mr. Garlick could raise any remaining issues regarding access to discovery at the bond hearing scheduled for the following day. *See* Order, Dkt. 84.

In the early morning hours of May 26, 2023, the MDC notified the Court that Mr. Garlick was refusing to come to Court because of an unspecified "religious holiday" and because of a heart condition. Mr. Garlick was medically evaluated and deemed fit for Court, but nevertheless did not appear and signed up to use the law library that morning instead.[5] In light of Mr. Garlick's refusal to attend the hearing that had been scheduled at his request, the Court cancelled the hearing and ordered Mr. Garlick's standby counsel to send Mr. Garlick the Court's order via CorrLinks. *See* Order, Dkt. 85.

---

[5] The Court learned at that time that Mr. Garlick has a food services job at the MDC even though, as a pretrial detainee, he is not required to be employed. According to the MDC, that job occupied Mr. Garlick on days he was working from late morning through late afternoon, hours that he otherwise could have had access to the visiting room and the discovery laptop.

Later that day, Mr. Garlick's standby counsel informed the Court that Mr. Garlick had removed standby counsel's email address from his approved CorrLinks contact list. *See* Letter, Dkt. 86.[6]

On May 31, 2023, the parties appeared before the Court for a final pretrial conference. At the conference, Mr. Garlick submitted a nine-page motion for the Undersigned to recuse herself from the case, a four-page "notice of self-representation," and a four-page motion to remove standby counsel. *See* Dkts. 92–94.[7]

Mr. Garlick also stated at the May 31, 2023 conference that he still lacked access to the Government's discovery, which he said had prevented him from adequately preparing for the conference and for his upcoming trial. He also complained that the MDC had been "on lockdown" all weekend[8] and that there was no light in his cell. In response to the Government orally explaining much of the chronology related above, Mr. Garlick requested an evidentiary hearing. In light of the factual dispute between Mr. Garlick's representations and the representations by MDC legal staff, the Court scheduled an evidentiary hearing regarding Mr. Garlick's access to the discovery laptop; the hearing was scheduled for the following day, June 1, 2023 at 1:00 P.M.[9] *See* Order, Dkt. 98. Mr. Garlick objected to the schedule arguing that he could not prepare for it because there is no light in his cell.

---

[6] Mr. Garlick therefore received the Court's order through the Government's regularly scheduled delivery of filings via courier. *See* Orders, Dkts. 67, 87.

[7] Each motion had previously been made orally and had been denied. *See* May 22, 2023 Hearing Transcript at 4–5, 9–11, 26. On May 31, 2023, the Court again denied Mr. Garlick's motions orally.

[8] The Court understood Mr. Garlick's reference to the institution being "locked down" to be an assertion that it had been on modified operations due to staffing shortages rather than on "lock down" as that term is used by the Bureau of Prisons.

[9] In addition to the issue of whether Mr. Garlick had been given timely access to the discovery laptop, the Court agreed to give him time to think further about one of his objections to the Government's supplemental in limine motions; the Court agreed to consider any targeted objections to text messages from Deo DA Don or Cheri Valdez that the Government was seeking to introduce to prove the nature of Defendant's relationship with those people.

Shortly after the May 31, 2023 hearing, the Undersigned contacted the MDC's legal counsel to inquire whether Mr. Garlick has light in his cell, whether there was an electrical outage that affected him over the past week, and how many days since the preceding Friday Mr. Garlick was restricted to his cell due to the MDC's modified operations.

On June 1, 2023, the MDC's legal counsel responded that the MDC has been on regular operations over the past week apart from Saturday, May 27, 2023, when the institution was on modified operations after 4:00 P.M., and on Sunday, May 28, 2023, when the institution was on modified operations after 12:00 P.M. According to the MDC's legal counsel, the MDC's Unit Manager was not aware of any complaints regarding an electrical outage affecting Mr. Garlick's cell. After legal counsel asked the MDC's facilities team to investigate power in Mr. Garlick's housing unit, the facilities team discovered that inmates had tripped a circuit breaker, causing an electrical outage in ten cells. Electricity was immediately restored in those cells.[10]

In the early morning hours of June 1, 2023, the MDC notified the Court that Mr. Garlick was refusing to come to Court; Mr. Garlick did not provide a reason for his refusal.[11]

Because Mr. Garlick was granted an evidentiary hearing regarding his access to discovery but refused to attend the hearing for no apparent reason, the Court CANCELLED the evidentiary hearing. The Court now DENIES Mr. Garlick's request for an evidentiary hearing regarding his access to discovery with prejudice. Mr. Garlick forfeited his right to a hearing by refusing to appear.

Before granting Mr. Garlick's motion to represent himself, the Court emphasized that this trial would begin on June 5, 2023. Although Mr. Garlick has asserted many times that he has not

---

[10] The MDC's legal counsel represented that the MDC's facilities team resets all circuit breakers every Friday night, so the outage about which Mr. Garlick complained must have first occurred at some point between Saturday, May 27, 2023 and Wednesday, May 31, 2023.

[11] Mr. Garlick indicated at the May 31, 2023 final pretrial conference that he considers every Friday to be a religious holiday. The evidentiary hearing was scheduled to take place on Thursday.

had adequate time to prepare for trial, the objective evidence is to the contrary. He took the reins of his own defense on May 17, 2023, knowing that trial was scheduled to begin two-and-a-half weeks later. Discovery was promptly delivered to him,[12] and he was told how to access it. Although he disputes that chronology, he refused to attend a hearing at which his version of the facts and the MDC's version of the facts could be tested in an adversarial setting. The Court concludes he made that choice because his representations regarding his access to discovery have not been accurate.

Rather than accessing the discovery and preparing for trial, Mr. Garlick chose to maintain his job in food services, even though it occupies the better part of the day when he is on duty, *see* note 5, *supra*, and to research and draft meritless motions that have already been denied.[13] Mr. Garlick has every right to advance whatever arguments he believes are in his interest, but he will not be heard to complain about inadequate time for trial preparation given the obvious ways in which he has wasted time that could have been devoted to trial preparation. The Court also notes that this is not a case where there are complicated facts or extensive discovery. Mr. Garlick has been indicted on a single, straightforward charge. The Jenks Act material, printed out for the Defendant's easy access, was several inches thick, but not so voluminous that Mr. Garlick had any difficulty carrying the materials from the Courthouse to the MDC. Although the discovery included electronic data from a telephone and social media accounts, even that volume is quite limited; Mr. Garlick had only been at liberty and using the accounts from May 2022 through late September 2022 when he was arrested in this case. In short, although the Court is not unmindful

---

[12] In fact, much of the discovery in this case had been provided to him months earlier by his attorney. *See* May 17, 2023 Hearing Transcript, Dkt. 95, at 17–19. He asserted that some of the discovery could not be read on the MDC computers (and hence it was all loaded onto the discovery laptop) but there is no question that he has had access to much of the discovery in this case for months. *See id.*

[13] Mr. Garlick has also spent time researching the Court's jurisdiction, despite having been told, repeatedly, by the Court that his objections to the jurisdiction of the Court are without merit. *See, e.g.*, May 15, 2023 Hearing Transcript, Dkt. 79, at 13-14, 42; May 17, 2023 Hearing Transcript, Dkt. 95, at 6; May 22, 2023 Hearing Transcript at 16.

of the difficulties Mr. Garlick is facing preparing for trial, he chose to represent himself and he has chosen to make inefficient use of his time. He must now live with the consequences of his decisions.

The Court reminds Mr. Garlick that he was ordered to reestablish CorrLinks contact with standby counsel by **June 1, 2023**, and that he must provide the names of any witnesses or experts he plans to call at trial, and identify any exhibits he plans to use at trial, in a submission to the Court not later than **June 2, 2023**. *See* Order, Dkt. 98. Additionally, if he has reconsidered his position that the jury should not be witting of the existence of standby counsel, he must inform the Court of that by **noon, June 2, 2023**. If he fails to do so, the Court's prior order will remain in effect, meaning that he will not be permitted to consult with standby counsel when the jury is present in the Courtroom.

Because Mr. Garlick willfully refused to appear at today's hearing, he forfeited his right to argue that there should be targeted redactions to the exhibits the Government wishes to introduce to prove his relationships to "Deo DA Don" and Cheri Valdez. *See* Order, Dkt. 98.

Standby counsel for Mr. Garlick will be provided a copy of this Order in Word format that they must cut and paste into an email to be sent to Mr. Garlick via CorrLinks not later than **6:30 P.M. on June 1, 2023**.

**SO ORDERED.**

Date: June 1, 2023
New York, NY

_____
VALERIE CAPRONI
United States District Judge