# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

**Barry D. Leiwant**
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 14, 2024



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  3/14/2024

Hon. Valerie Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   **Re: <u>United States v. James Garlick</u>**
    **22-Cr-540 (VEC)**

**MEMO ENDORSED**

Dear Judge Caproni:

  We write to request that the Court permit Mr. Garlick to file a response to the govenrment's sentencing memorandum to address the government's unexpected demand that the Court calculate the advisory sentencing guidelines in a manner completely different than outlined in its *Pimentel* letter.

  To "help[] to ensure that guilty pleas indeed represent intelligent choices by defendants," the Second Circuit has long encouraged the government to provide defendants with its view on the guidelines before a plea. *United States v. Pimentel*, 932 F. 2d 1029, 1034 (2d Cir. 1991). At Mr. Garlick's final pretrial conference, the government told the defense that it would not oppose a two-point reduction in Mr. Garlick's final offense level for acceptance of responsibility; it would only oppose a three-point reduction for early acceptance.

  The government then served a *Pimentel* letter, dated July 20, 2023, in which it agreed that a two-point reduction for acceptance of responsibility would be warranted, and that Mr. Garlick's advisory guidelines range based on the then-current 2021 Guidelines Manual should be 51 to 63 months' imprisonment. There was no reference to the obstruction enhancement. This *Pimentel* letter was signed by AUSAs Adam Sowlati and Jerry Fang, and presumably reviewed by AUSA Jacqueline Kelly, the Chief who supervised the trial. Mr. Garlick immediately pled guilty.

  On September 13, 2023, the Probation Department disclosed its draft pre-sentence report. The Probation Department agreed with the guidelines calculation contained in the government's *Pimentel* letter. The government raised no objection to the pre-sentence report.

  In its sentencing submission, however, the government now asserts that Mr. Garlick should *not* receive the acceptance points it previously agreed applied. And the government further asserts that an *additional* two points should be added to the offense level for obstructive conduct. The government claims that its new guidelines calculation – 70 to 87 months – is the result of "preparing

for sentencing, conducting further research, and reviewing the record as a whole." ECF No. 175, at 5 n.2. Regardless of the credibility of this claim – the government cites only three cases that would have been easily locatable at the time it prepared its *Pimentel* letter and in the weeks it had to object to the PSR, and the prosecutors were present for trial and witnessed the "record as a whole" in real time – the government's last-minute about-face demands an opportunity for rebuttal. This is especially true given that Mr. Garlick pled guilty pursuant to a *Pimentel* letter that included a two-level acceptance reduction and did not include a two-point obstruction enhancement, a position the government has now abandoned and which substantially alters Mr. Garlick's guidelines range.

For these reasons, Mr. Garlick respectfully requests permission to file a written response to the government's sentencing memorandum.

Sincerely,

/s/

Marne Lenox
Michael Arthus
Assistant Federal Defenders
212-417-8700

Application GRANTED. Defendant's deadline to file a response, **not to exceed five pages**, to the Government's sentencing submission is **Wednesday, March 20, 2024**.

SO ORDERED.

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE