# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

**Barry D. Leiwant**
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

March 21, 2024



Hon. Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>United States v. James Garlick</u>
22-Cr-540 (VEC)

Dear Judge Caproni:

    We write to object to the briefing schedule the Court has set with regard to Mr. Garlick's anticipated plea withdrawal motion. Counsel cannot provide constitutionally effective assistance under the remarkably compressed briefing schedule the Court has ordered. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668 (1984). Nor can we meet our ethical obligations to properly advise Mr. Garlick of the potential consequences of a plea withdrawal motion within this timeframe. We therefore request that the Court reconsider its schedule, adjourn sentencing for two weeks, and grant the defense one week to file a plea withdrawal motion on Mr. Garlick's behalf.

    On March 12, 2024, the government filed a sentencing submission in which it reneged on the representations it had made at the time of Mr. Garlick's plea regarding his advisory guidelines sentencing range. Mr. Garlick was informed of the government's new position, and the defense was given until March 20 to reply to the government's submission. On March 19, counsel informed the Court that Mr. Garlick wished to withdraw his plea, and requested an adjournment of sentencing and a briefing schedule to advance his plea withdrawal claim. ECF No. 178. The government objected to allowing Mr. Garlick to advance his plea withdrawal claim; it did not, however, object to briefly adjourning sentencing so that the defense could have a reasonable opportunity to reply to the government's sentencing submission. ECF No. 179.

    At 2:31 p.m. on March 20, the Court denied an adjournment of sentencing. It continued to require that counsel reply to the government's sentencing submission that day, which the defense has done. As to the plea withdrawal claim, it set a briefing schedule requiring counsel to submit a plea withdrawal motion within less than two days. It granted the government nearly three days to respond. It set the defense reply as being due within 24 hours of the government's response, a mere 90 minutes before the sentencing proceeding scheduled to take place on March 26 at 10:30 a.m. ECF No. 180.

-2-

Counsel cannot file a plea withdrawal motion that would meet the standards of the Sixth Amendment within such a compressed time frame. Counsel has an ethical obligation to advise Mr. Garlick of the potential consequences of seeking plea withdrawal. Mr. Garlick is, however, incarcerated at MDC Brooklyn, whose location and stringent access requirements necessitate blocking out at least half a day to visit – visits that are often cancelled due to "emergency counts." The email system is often inaccessible due to constant lockdowns. Yesterday, we requested an emergency call with Mr. Garlick, but have not yet had any success.

Aside from counsel's duty to advise Mr. Garlick, counsel needs adequate time to conduct legal research, prepare written arguments, and meaningfully advance Mr. Garlick's claim. Yet counsel is being asked to simultaneously prepare for sentencing, research and draft a plea withdrawal motion, and advise a client who suffers from mental illness and is incarcerated at one of America's most dysfunctional prisons, all within a few hours. That is to say nothing of counsel's concurrent obligations to our other clients and other courts in this District, obligations that cannot be rescheduled or ignored on a few hours' notice.

Counsel is merely seeking a brief adjournment of sentencing so we can have an adequate opportunity to prepare a plea withdrawal motion that meets constitutional standards. The Court had previously indicated that it would not adjourn sentencing absent extraordinary circumstances; clearly the government's last-minute reimagining of Mr. Garlick's guidelines range in direct contravention of its representations during plea negotiations, and Mr. Garlick's request to file a plea withdrawal motion as a result, are "extraordinary."

This is not a delay tactic. Mr. Garlick is anxious to be designated away from the MDC for the reasons detailed in his sentencing submission. But his primary concern is ensuring that he receives constitutional effective assistance. We cannot provide that assistance under such unnecessarily stringent time constraints. We therefore object to the Court's briefing schedule, request a brief adjournment of sentencing, and seek one week to file a plea withdrawal motion on Mr. Garlick's behalf.

Sincerely,

/s/

Marne Lenox
Michael Arthus
Assistant Federal Defenders
212-417-8700

cc. (by ECF): AUSAs Adam Sowlati and Jerry Fang

Application GRANTED IN PART.  Mr. Garlick's sentencing scheduled for Tuesday, March 26, 2024, at 10:30 A.M. is ADJOURNED to **Tuesday, April 2, 2024, at 10:30 A.M.**  The Court is doing so in recognition of defense counsel's obligations to other clients.  That said, the law governing withdrawal of guilty pleas is well-settled and well known to the attorneys in the Federal Defender's Office.  Moreover, the facts that would support any such motion have already been marshalled in the sentencing submission filed on March 20, 2024.

The deadline for Mr. Garlick to file a plea withdrawal motion is extended from Friday, March 22, 2024, to **12:00 P.M. on Wednesday, March 27, 2024**.  The deadline for the Government to respond in opposition is extended from Monday, March 25, 2024, to **12:00 P.M. on Friday, March 29, 2024**.  Mr. Garlick's deadline to file a reply in further support is extended from Tuesday, March 26, 2024, to **5:00 P.M. on Monday, April 1, 2024**.

SO ORDERED.

*[signature]*   3/21/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE